IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

Civil Action No. 06-cv-01523-WYD
(Criminal Action No. 04-cr-00347-WYD-01)

UNITED STATES OF AMERICA,

v.

BRIAN F. DURST,

    Movant.

## ORDER DENYING MOTION TO RECONSIDER

Movant Brian F. Durst filed *pro se* on September 5, 2006, a motion for reconsideration of my August 28, 2006, order denying his motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. I must construe the motion to reconsider liberally because Mr. Durst is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Durst filed the motion to reconsider within ten days after the dismissal order. *See* FED. R. CIV. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays). Therefore, I will consider

the motion to reconsider pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

Upon consideration of the motion to reconsider and the entire file, I find that Mr. Durst fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988). Mr. Durst does not allege the existence of any new law or evidence, and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. The Court remains convinced that the motion to vacate is time-barred and, even if the motion to vacate were not time-barred, that Mr. Durst's claim is without merit. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the motion to reconsider, which has been treated as a motion to alter or amend judgment pursuant to FED. R. CIV. P. 59(e), is **DENIED**. It is

FURTHER ORDERED that the motion filed on September 6, 2006, for release on bail pending a hearing on the motion to reconsider is **DENIED AS MOOT**.

Dated: September 12, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge